## W. A. PARKS *v.* THE STATE.

ADULTERY — CHARGE OF THE COURT. — In an adultery case the instructions to the jury wholly ignored the question of the marriage of the incriminated parties, or either of them, at the time the offense was committed, and predicated the guilt of the accused entirely upon illicit intercourse and cohabitation. *Held,* error.

APPEAL from the County Court of Ellis. Tried below before the Hon. J. D. TEMPLETON, County Judge.

The jury found the appellant guilty, and assessed a fine of $225 against him.

*A. A. Kemble,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The jury are the exclusive judges of the facts in every criminal case, but not of the law in any case. They are bound to receive the law from the court, and be governed thereby. Code Cr. Proc., art. 593 (Pasc. Dig., art. 3058).

It is the duty of the judge, in giving a charge to the jury, to state plainly the law of the case. Pasc. Dig., art. 3060.

When two persons live together in a state of cohabitation, one of them being married, they are both guilty of adultery

---

[1] ECTOR, P. J., did not sit in the case.

according to the sense in which the term is here used, though only one of them be married. Pasc. Dig., art. 2024.

It is sufficient to prove, in trials for living in adultery, that the parties cohabit together, and that one of them is married to some other person. Pasc. Dig., art. 2023.

From the several provisions of the Code above referred to it will be seen that, in the crime of adultery, an indispensable ingredient is that one of the parties charged must, at the time of committing the offense, be married to some other person. This feature seems to have been entirely overlooked in the present case in so far as the law of the case was given in charge to the jury. The charge of the court makes the guilt of the accused depend solely upon cohabiting and illicit intercourse, without any mention of the question as to whether the parties, or either of them, was married or not. This omission was well calculated to mislead the jury to the prejudice of the accused; and for this error the judgment must be reversed and the case remanded.

*Reversed and remanded.*